NOT FOR PUBLICATION                                                                 CLOSED

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WEICHERT REAL ESTATE AFFILIATES, INC. | Civil Docket No. 06-3542 |
| Plaintiff, | Hon. Faith S. Hochberg, U.S.D.J. |
| v. | **OPINION & ORDER** |
| DIANNE GASTON and GASTON AND ASSOCIATES REALTY, LLC, d/b/a WEICHERT REALTORS® - GASTON AND ASSOCIATES | Dated: November 8, 2007 |
| Defendants. |  |

**HOCHBERG, District Judge:**

      This Matter calls upon the Court to determine whether to grant the Motion for Summary Judgment brought by Plaintiff Weichert Real Estate Affiliates, Inc.  The Court is also called upon to determine whether to affirm the Report and Recommendation of United States Magistrate Judge Patty Shwartz which recommends that United States District Judge dismiss the counterclaim and strike the affirmative defenses pursuant to Fed. R. Civ. P. 37.  This Court has considered the submissions by the parties pursuant to Fed. R. Civ. P. 78; and

    it appearing that pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

1

that the moving party is entitled to judgment as a matter of law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); and

it appearing, in other words, that "summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party."  Miller v. Indiana Hosp., 843 F.2d 139, 143 (3d Cir. 1988); and

it appearing that all facts and inferences must be construed in the light most favorable to the non-moving party.  Peters v. Delaware River Port Auth., 16 F.3d 1346, 1349 (3d Cir. 1994); and

it appearing that the party seeking summary judgment always bears the initial burden of production.  Celotex Corp., 477 U.S. at 323; and

it appearing that this requires the moving party to establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or to demonstrate that the non-moving party has not shown the requisite facts relating to an essential element of an issue for which it bears the burden.  See id. at 322–23; and

it appearing that Rule 56(e) of the Federal Rules of Civil Procedure provides that "if the adverse party does not . . . respond, summary judgment, if appropriate, shall be entered against the adverse party;" and

it appearing that it is well settled that "this does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not respond." Anchorage Assoc. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990); and

it appearing that in considering an unopposed summary judgment motion, it is entirely appropriate for this Court to treat all of the facts properly supported by the movant to be

uncontroverted. See id. at 176; Longoria v. New Jersey, 168 F. Supp. 2d 308, 312, n.1 (D.N.J. 2001) (holding that where plaintiff had not submitted a Rule 56.1 statement, the court would treat the facts in the defendant's Rule 56.1 statement as admitted unless controverted in the plaintiff's briefs or contradicted by the evidence); see also Custer v. Pan American Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993); Wienco, Inc. v. Katahn Assoc., Inc., 965 F.2d 565, 568 (7th Cir. 1992); and

it appearing that despite the time to do so having passed, Defendants have not filed any response or opposition to Plaintiffs' Motion for Summary Judgment; and

it appearing that despite the time to do so having passed, Defendants have not filed any objections to the Report and Recommendation of Magistrate Judge Shwartz; and

it appearing that Plaintiff has produced documentation to show the provisions of the franchise agreement and amendments thereto at issue in this case; and

it appearing that there is no evidence to suggest disputed issues of material fact; and

it appearing that Defendants do not dispute that they breached the terms of the franchise agreement;

**IT IS**, on this 8th day of November, 2007,

**ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED**, and it is further

**ORDERED** that the Report and Recommendation of Magistrate Judge Shwartz is adopted for the reasons stated therein and thus Defendants' Counterclaim is **DISMISSED** and Defendants' affirmative defenses are **STRICKEN** from the record, and it is further

**ORDERED** that Judgment in favor of the Plaintiff and against the Defendants is hereby

**GRANTED** as to the First Count, Second Count, Third Count, and Fourth Count of the Complaint; and it is further

**ORDERED** that Judgment in favor of the Plaintiff and against the Defendants for damages in the amount of $25,394.86 is **GRANTED**; and it is further

**ORDERED** that Judgment in favor of the Plaintiff and against the Defendants for liquidated damages in the amount of $208,930.42 is **GRANTED**; and it is further

**ORDERED** that Judgment in favor of the Plaintiff and against the Defendants for prejudgment interest and attorneys' fees and costs is **GRANTED**; and it is further

**ORDERED** that the attorneys for the Plaintiff shall submit a separate application to determine the amount of the prejudgment interest and attorneys' fees and costs; and it is further

**ORDERED** that this case is **CLOSED**.

**/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.